IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                  NO. 3:15-CR-0094-O

ANDRE LEVON GLOVER (1)
MAURICE LAMONT DAVIS (2)

**AGREED JURY CHARGE**

On November 5 and 6, 2015, undersigned counsel for the United States and

Defendants Andre Levon Glover and Maurice Lamont Davis conferred by email and by

phone to discuss the government's proposed jury charge in this case.   The parties agreed

to the proposed charge as reflected in this filing.   Any disagreements are noted in

bold-face type with applicable explanation.   Text within brackets (e.g., [text]) is offered

for inclusion or deletion only if appropriate and supported by the trial proceedings.   The

agreed charge is based on the 2015 Fifth Circuit Pattern Jury Instructions (Criminal).

**I.      Agreed Charge**

**1.01
PRELIMINARY INSTRUCTION**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to

guide you in your participation in the trial.

*Duty of the jury:*

It will be your duty to find from the evidence what the facts are. You and you alone

will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

*Evidence:*

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence

presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

*Rules for criminal cases:*

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a

criminal case is different from a civil case.

*Summary of applicable law:*

In this case the defendants are charged with multiple offenses. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case. [*Summarize the elements of the offense.*]

*Conduct of the jury:*

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

**Agreed Jury Charge - Page 4**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

*Course of the trial:*

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply

an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

**[Insert Instruction No. 1.02, Note-Taking By Jurors, here, if applicable.]**

ALTERNATIVE A

You may not take notes during the course of the trial.   There are several reasons for this.   It is difficult to take notes and, at the same time, pay attention to what a witness is saying. Furthermore, in a group the size of yours, certain persons will take better notes than others, and there is the risk that the jurors who do not take good notes will depend upon the jurors who do take good notes.   The jury system depends upon all twelve jurors paying close attention and arriving at a unanimous decision.   I believe that the jury system works better when the jurors do not take notes.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

ALTERNATIVE B

If you would like to take notes during the trial, you may do so.   On the other hand, you are not required to take notes if you prefer not to do so.   Each of you should make your own decision about this.

If you do decide to take notes, be careful not to get so involved in the note taking that you become distracted from the ongoing proceedings.   Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence.   If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by

the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.    Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**1.03**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.    I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.    Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**1.04**
**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.    But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.    You must not substitute or follow your own notion or opinion as to what the law is or ought to be.    It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.    That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**1.05**
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent.   The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.   While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.   It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.   Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**1.06**
## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.    In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.    Remember that any statements, objections, or arguments made by the lawyers are not evidence.    The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.    What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.    You must disregard those questions and exhibits entirely.    Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.    Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.    Do not consider any testimony or other evidence which has been stricken in reaching your decision.    Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.    Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**Agreed Jury Charge - Page 12**

**1.07 (ALTERNATIVE B)**
**EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL**

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.    "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.    The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**1.08**
**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.    In doing so, you must consider all of the evidence.    This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.    An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case.    You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.    In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth?    Did the witness have a personal interest in the outcome of the case?    Did the witness have any relationship with either the government or the defense?    Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified?    Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?    Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.    In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

**1.27**
**CONFESSION—STATEMENT—VOLUNTARINESS**
**(MULTIPLE DEFENDANTS)**

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

**1.17**
**EXPERT OPINION TESTIMONY**

During the trial you heard the testimony of [Kenneth Benton who has expressed opinions concerning firearms and interstate nexus, and fingerprints; from Detective Spannagel, who has expressed opinions concerning fingerprint identification; and from Kristin Liles, who has expressed opinions concerning the location of mobile telephones using cell tower data].   If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.   You should judge such testimony like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.[1]

---

[1] In the event that the parties stipulate to the interstate nexus element of the 18 U.S.C. § 922(g)(1) charges and the prior Davis felony conviction(s), which is anticipated, this instruction will become unnecessary.

**Agreed Jury Charge - Page 17**

**1.18**
**ON OR ABOUT**

You will note that the indictment charges that the offense was committed on or about a specified date.    The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

**1.19**
**CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.    The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.    Neither are you called upon to return a verdict as to the guilt of any person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**1.20**
**CAUTION—PUNISHMENT**


If a defendant is found guilty, it will be my duty to decide what the punishment will be.    You should not be concerned with punishment in any way.    It should not enter your consideration or discussion.

**1.23**
**MULTIPLE DEFENDANTS—MULTIPLE COUNTS**

A separate crime is charged against one or more of the defendants in each count of the indictment.    Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.    You must give separate consideration to the evidence as to each defendant.

**1.29**
**IDENTIFICATION TESTIMONY**

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified.   You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

**1.31**
**POSSESSION**

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession.    A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

**A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.**[2]

Possession may be sole or joint.    If one person alone has actual or constructive possession of a thing, possession is sole.    If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

---

[2] Defendant Davis objects to instructing the jury on constructive possession because he does not believe the facts of the case support that theory of criminal liability.

**Agreed Jury Charge - Page 23**

## 1.37
## "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## 1.39
## INTERSTATE COMMERCE

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

## 1.40
## FOREIGN COMMERCE

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## 1.41
## COMMERCE

Commerce includes travel, trade, transportation, and communication.

**2.73 & 2.15A (modified)**
**COUNT ONE**
**CONSPIRACY TO INTERFERE WITH COMMERCE BY ROBBERY**
18 U.S.C. § 1951(a)
(Hobbs Act)

**Title 18, United States Code, Section 1951(a)**, makes it a crime for anyone to obstruct, delay, or affect commerce by robbery or to conspire to do so.

Defendants Glover and Davis are charged with conspiring to interfere with commerce by robbery.    "Robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession.    A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.    It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of interference with commerce by robbery, as charged in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willingly, that is, with the intent to further the unlawful purpose; and

*Third*: That one of the conspirators during the existence of the conspiracy

knowingly committed one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.   Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.   Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.   Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

**To find the defendant guilty of conspiring to interfere with commerce, you must find beyond a reasonable doubt that that there was a connection between the alleged unlawful agreement and interstate commerce such that carrying out the**

**object of the alleged agreement would have affected interstate commerce, even in a minor way.   It is not necessary for the government to prove that the unlawful agreement actually affected interstate commerce.**[3]

---

[3] The government proposes this language based on Fifth Circuit authority concerning the connection between a Hobbs Act conspiracy and commerce.   *United States v. Mann*, 493 F.3d 484, 494-95 (5th Cir. 2007); *United States v. Jennings*, 195 F.3d 795, 802 (5th Cir. 1999); *see also United States v. Diaz*, 248 F.3d 1065, 1084 (11th Cir. 2001) ("Unlike a conspiracy charged under the Hobbs Act, which only requires proof that defendants' scheme *would have* affected interstate commerce, a substantive Hobbs Act violation requires an actual effect on interstate commerce."). Defendant Glover objects to the inclusion of this language and believes the government must prove that the defendant knew that the agreement would affect commerce.

**2.73A**
**COUNTS THREE, FOUR, FIVE AND SIX**
**INTERFERENCE WITH COMMERCE BY ROBBERY (HOBBS ACT)**
**18 U.S.C. § 1951(a)**

**Title 18, United States Code, Section 1951(a)**, makes it a crime for anyone to obstruct, delay, or affect commerce by robbery.

Counts Three, Five, and Six charge Defendants Glover and Davis, aiding and abetting one another, with interfering with commerce by robbery.    Count Four also charges Defendant Glover with interfering with commerce by robbery.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the person obtained property from another without that person's consent; and

*Second*: That the defendant did so by wrongful use of actual or threatened force, violence, or fear; and

*Third*: That the defendant's conduct **in any way or degree**[4] obstructed, delayed, or affected or attempted to obstruct, delay, or affect interstate commerce or the movement of any article or commodity in commerce.

The government is not required to prove that the defendant knew that his conduct would obstruct, delay, or affect commerce or the movement of any article or commodity in commerce.    It is not necessary for the government to show that the defendant actually

---

[4] Defendant Glover objects and believes the charge should state, "That the defendant's conduct *substantially* obstructed . . . ."

intended or anticipated an effect on commerce by his actions.    All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect commerce.    If you decide that there was any effect at all on commerce, then that is enough to satisfy this element.

The term "property" includes money and other tangible and intangible things of value.

The term "fear" includes fear of economic loss or damage, as well as fear of physical harm.    It is not necessary that the government prove that the fear was a consequence of a direct threat; it is sufficient for the government to show that the victim's fear was reasonable under the circumstances.

The use of actual or threatened force, violence, or fear is "wrongful" if its purpose is to cause the victim to give property to someone who has no legitimate claim to the property.

**2.44 (modified)**
**COUNTS TWO AND SEVEN**
**USING/CARRYING A FIREARM DURING**
**COMMISSION OF A CRIME OF VIOLENCE**
**18 U.S.C. § 924(c)(1)(A)**

**Title 18, United States Code, Section 924(c)(1)**, makes it a crime for anyone to

use, carry, or brandish a firearm during and in relation to a crime of violence or to

possess a firearm in furtherance of such a crime.

Counts Two and Seven charge Defendants Glover and Davis, aiding and abetting

one another, with using, carrying, or brandishing a firearm during and in relation to a

crime of violence.   For you to find the defendant guilty of this crime, you must be

convinced that the government proved each of the following beyond a reasonable doubt:

*First*:   That the defendant committed the crime alleged in Counts One (for Count

Two) or Six (for Count Seven).   I instruct you that the crimes alleged in Counts One and

Six are crimes of violence; and

*Second*:   That the defendant knowingly used, carried, or brandished a firearm

during and in relation to the commission of the crime charged in Counts One (for Count

Two) or Six (for Count Seven).

To prove the defendant "used" a firearm in relation to a crime of violence, the

government must prove that the defendant actively employed the firearm in the

commission of a crime of violence, such as a use that is intended to or brings about a

change in the circumstances of the commission of the crime alleged in Count One (for

Count Two) or Count Six (for Count Seven).   "Active employment" may include

brandishing, displaying, referring to, bartering, striking with, firing, or attempting to fire the firearm.   Use is more than mere possession of a firearm or having it available during the crime of violence.

To prove the defendant "carried" a firearm, the government must prove that the defendant carried the firearm in the ordinary meaning of the word "carry," such as by transporting a firearm on the person or in a vehicle.   The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the crime of violence.

To prove the defendant "brandished" a firearm, the government must prove that the defendant displayed all or part of the firearm, or otherwise made the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.[5]

"In relation to" means that the firearm must have some purpose, role, or effect with respect to the crime of violence.

To find the defendant guilty of using, carrying, or brandishing a firearm on both Counts Two and Seven, you must find that the defendant used, carried, or brandished a firearm, or aided and abetted the use, carrying, or brandishing of a firearm, during and in relation to a crime of violence or to possess a firearm in furtherance of such a crime on at least two different occasions.[6]

---

[5] 18 U.S.C. § 922(c)(4).

[6] *See United States v. Campbell*, 775 F.3d 664, 670 (5th Cir. 2014), *cert. denied*, 2015 U.S. LEXIS 5414 (Oct. 5, 2015); *United States v. Phipps*, 319 F.3d 177 (5th Cir. 2003).

**Agreed Jury Charge - Page 31**

The indictment further alleges that Defendants Glover and Davis used, carried, or brandished a "short-barreled shotgun."   To prove that the firearm involved was a short-barreled shotgun, the government must prove beyond a reasonable doubt that the firearm was a shotgun that either (a) has a barrel of less than 18 inches in length or (b) has an overall length of less than 26 inches.[7]

---

[7] 26 U.S.C. § 5845(a)(2).   Because this characteristic of the firearm raises the minimum sentence, *see* 18 U.S.C. § 924(c)(1)(B)(i), the fact must be found by the jury under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

**Agreed Jury Charge - Page 32**

**2.04 (modified)**
**AIDING AND ABETTING (AGENCY)**
**18 U.S.C. § 2**

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was

**Agreed Jury Charge - Page 33**

committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of aiding and abetting an offense, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of Interference with Commerce by Robbery (for Counts Three, Five, and Six) or Using, Carrying, and/or Brandishing a Firearm During and In Relation to a Crime of Violence (for Counts Two and Seven) was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.   **This element cannot be established if the defendant had no knowledge of the principal's criminal venture sufficiently in advance of the crime to have disassociated from the criminal venture**.[8]

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

_____

[8] *See Rosemond v. United States*, 134 S. Ct. 1240, 1249-50 (2014).   Defendant Glover does not object to this instruction but proposes that this sentenced be replaced with, "A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime."

**Agreed Jury Charge - Page 34**

## 2.43D
## POSSESSION OF A FIREARM BY A CONVICTED FELON
## 18 U.S.C. § 922(g)(1)

**Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)**, make it a crime for a convicted felon to knowingly possess a firearm.

Count Eight charges Defendant Davis with possession of a firearm after having been convicted of a felony.   For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly possessed a firearm, as charged in the indictment;

*Second*: That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year[9]; and

***Third***: **That the firearm possessed traveled in interstate commerce that is, before the defendant possessed the firearm it had traveled at some time from one state to another or between any part of the United States and any other country.**[10]

---

[9] In the event Defendant Davis stipulates that he was previously convicted of a felony, the United States would propose that the jury be additionally instructed on the second element: "Mr. Davis has stipulated that he was previously convicted of a felony.   That is sufficient for you to find that the government has met its burden to prove this element."

[10] Defendant Davis objects to the instruction to the extent that it states traveling from one state to another or between any part of the United States or any other country is sufficient. Defendant Davis proposes instead an instruction that "the firearm was possessed in and affecting interstate commerce."   Defendant Davis further objects and proposes an instruction on a fourth element that states, "That the defendant knew that his possession of the firearm was in [affecting]

**Agreed Jury Charge - Page 35**

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

---

commerce and knew that the possession of such firearm had a substantial effect on interstate commerce."   Defendant Davis acknowledges that this element has been rejected by the Fifth Circuit, *see, e.g.*, *United States v. Rose*, 587 F.3d 695, 706 n.9 (5th Cir. 2009), but proposes the instruction to preserve the issue for further review.

**Agreed Jury Charge - Page 36**

**1.24 (modified)**
**DUTY TO DELIBERATE**

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on each count of the indictment.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.   Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt .

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

 **[Explain verdict form.]**

**Agreed Jury Charge - Page 37**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.   On some counts, if you find a defendant guilty, you will also answer the question whether the government has proved certain facts, either yes or no.   At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                          NO. 3:15-CR-00094-O

ANDRE LEVON GLOVER (01)
MAURICE LAMONT DAVIS (02)

## **VERDICT OF THE JURY**

We, the Jury, find as follows:

                                           **GLOVER**                         **DAVIS**

**Count One**: Conspiracy to Interfere
With Commerce.
Answer "Guilty" or "Not Guilty."

                                        _____          _____

**Count Two**: Firearm
During and in Relation to Count One.
Answer "Guilty" or "Not Guilty."

                                        _____          _____

If your answer to Count Two is "Guilty" as to either defendant, answer Parts A and B as to each such defendant.   If your answer to Count Two is "Not Guilty" as to either defendant, do not answer Parts A or B as to each such defendant.

A. Did the government prove
the defendant brandished a
firearm or aided and abetted
another person in brandishing a
firearm?
Answer "Yes" or "No."

                                        _____          _____

|  | **GLOVER** | **DAVIS** |
|---|---|---|

B. Did the government prove
the firearm involved in the
offense was a short-barreled
shotgun?
Answer "Yes" or "No."

| | _____ | _____ |
|---|---|---|

**Count Three**: Interference with
Commerce by Robbery on or about
June 16, 2014. (Lancaster, Texas)
Answer "Guilty" or "Not Guilty."

| | _____ | _____ |
|---|---|---|

**Count Four**: Interference with
Commerce by Robbery on or about
June 21, 2014. (Dallas, Texas)
Answer "Guilty" or "Not Guilty."

| | _____ | |
|---|---|---|

**Count Five**: Interference with
Commerce by Robbery on or about
June 22, 2014. (Mansfield, Texas)
Answer "Guilty" or "Not Guilty."

| | _____ | _____ |
|---|---|---|

**Count Six**: Interference with
Commerce by Robbery on or about
June 22, 2014. (Midlothian, Texas)
Answer "Guilty" or "Not Guilty."

| | _____ | _____ |
|---|---|---|

|                     | **GLOVER** | **DAVIS** |
|---------------------|------------|-----------|

**Count Seven**: Firearm
During and in Relation to Count Six.
Answer "Guilty" or "Not Guilty."

_____        _____

If your answer to Count Seven is "Guilty" as to either defendant, answer Parts A and B as to each such defendant.   If your answer to Count Seven is "Not Guilty" as to either defendant, do not answer Parts A or B as to each such defendant.

A. Did the government prove the defendant brandished a firearm or aided and abetted another person in brandishing a firearm?
Answer "Yes" or "No."

_____        _____

B. Did the government prove the firearm involved in the offense was a short-barreled shotgun?
Answer "Yes" or "No."

_____        _____

**Count Eight**: Possession of a
Firearm by a Felon
June 22, 2014.
Answer "Guilty" or "Not Guilty."

_____

The parties hereby certify that one November 6, 2015, the foregoing document was filed with the clerk for the United States District Court of the Northern District of Texas pursuant to its electronic filing system (ECF).   The ECF sent a notice of electronic filing to the attorneys of record who have consented to accepting service via electronic means.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

/s/ *Brian McKay*
JOHN KULL
Assistant United States Attorney
Texas Bar No. 00791057
BRIAN McKAY
Assistant United States Attorney
Texas Bar No. 24046395
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Email: john.kull@usdoj.gov
brian.mckay@usdoj.gov

/s/ *J. Joseph Mongaras*
J. JOSEPH MONGARAS
Attorney for Defendant Andre Levon Glover

/s/ *Sam Ogan*
SAM OGAN
Attorney for Defendant Maurice Lamont Davis

**Agreed Jury Charge - Page 42**