# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10330

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

MAURICE LAMONT DAVIS; ANDRE LEVON GLOVER,

    Defendants - Appellants

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-94-2
USDC No. 3:15-CR-94-1

---

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before HIGGINBOTHAM, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

    Appellants Andre Levon Glover and Maurice Lamont Davis were convicted for a series of robberies committed in June 2014 at Murphy Oil locations in the Dallas area. Both Appellants were convicted under the Hobbs Act, 18 U.S.C. § 1951(a), for conspiracy to interfere with and aiding and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10330

abetting interference with commerce by robbery.[1] They were also convicted on firearms charges under 18 U.S.C. § 924(c).[2] Davis alone was convicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 924(a)(2). In their original appeals, we affirmed the district court's judgment in full. *United States v. Davis*, 677 F. App'x 933, 935–36 (5th Cir. 2017) (per curiam). The Appellants petitioned the Supreme Court for certiorari. Following its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Court remanded this case to our court "for further consideration in light of" *Dimaya*. *Davis v. United States*, 138 S. Ct. 1979, 1979–80 (2018) (mem.).

On remand, we affirmed the Appellants' convictions and sentences on all counts save Count Two. *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018). Finding the residual clause of 18 U.S.C. § 924(c) unconstitutionally vague in light of *Dimaya*, we vacated the Appellants' convictions and sentences on Count Two and remanded for entry of a revised judgment. *Id.* While the Appellants' petitions for rehearing were pending, the United States petitioned for certiorari on the issue of the residual clause in this context, which the Supreme Court granted. We stayed proceedings on the petitions for rehearing pending the Court's decision. The Court agreed that § 924(c)'s residual clause was unconstitutionally vague, so it affirmed our decision on the Count Two convictions. Because we had stayed the petition for rehearing pending the Court's decision, it vacated in part and remanded the case to our court to

---

[1] Glover was convicted under the Hobbs Act on Counts One, Three, Four, Five, and Six; Davis was convicted on Counts One, Five, and Six.

[2] These were Counts Two and Seven, which charged the Appellants with using, carrying, and brandishing firearms during and in relation to, and possessing and brandishing firearms in furtherance of, a crime of violence. Glover's conviction on Count Seven also included aiding and abetting the brandishing of firearms. Our original ruling that the conviction on Count Seven remains valid following *Dimaya* because it involved a crime of violence under the elements clause which was not altered. *See* 903 F.3d at 484-85

Case: 16-10330    Document: 00515222600    Page: 3    Date Filed: 12/04/2019
Case 3:15-cr-00094-O   Document 153   Filed 12/06/19   Page 3 of 3   PageID 1541

No. 16-10330

address in the first instance the petition for rehearing which included the issue of whether we should order a resentencing. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

To summarize, we continue to affirm all convictions save Count Two which we vacate. We therefore remand for entry of a revised judgment of conviction consistent with this opinion. We deny the petition for rehearing as to the convictions. Turning to the question of resentencing, we grant the petition for rehearing in part and vacate the Appellants' sentences in full, remanding their sentences to the district court for resentencing in full.[3] *See Pepper v. United States*, 562 U.S. 476, 507 (2011) ("Because a district court's original sentencing intent may be undermined by altering one portion of the calculus, an appellate court when reversing one part of a defendant's sentence may vacate the entire sentence . . . ." (citation and internal quotation marks omitted)). We do not opine on how the district court should resentence the Appellants.

The judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for entry of a revised judgment and for resentencing.

---

[3] While not dispositive, the Government concedes that a full resentencing is appropriate here.

3